# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60460
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 17, 2017

Lyle W. Cayce
Clerk

WILLIAN PINEDA-HERRERA, Also Known as William Pineda-Herrera,

Petitioner,

versus

JEFFERSON B. SESSIONS, III, U.S. Attorney General,

Respondent.

Petition for Review of an Order of
the Board of Immigration Appeals
BIA No. A 200 968 272

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:*

Willian Pineda-Herrera, a native and citizen of Honduras, petitions for

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60460

review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal of an order of an immigration judge ("IJ") denying his motion to reopen. The BIA rejected Pineda-Herrera's allegation that he was ordered removed in absentia.  Additionally, with respect to Pineda-Herrera's assertion that the proceedings should be reopened to allow him to seek a provisional waiver of unlawful presence, the BIA determined that his motion to reopen was untimely and also declined to reopen *sua sponte*.  We granted the Attorney General's motion to dismiss the petition for lack of jurisdiction as to review of the BIA's decision to deny *sua sponte* reopening, but we denied the Attorney General's motion to dismiss as to the remainder of the BIA's order.

We review the denial of a motion to reopen "under a highly deferential abuse-of-discretion standard." *Lugo-Resendez v. Lynch*, 831 F.3d 337, 340 (5th Cir. 2016) (internal quotations and citation omitted).  The BIA "abuses its discretion when it issues a decision that is capricious, irrational, utterly without foundation in the evidence, based on legally erroneous interpretations of statutes or regulations, or based on unexplained departures from regulations or established policies." *Id.*

Pineda-Herrera fails to address the BIA's determinations that the removal order was not ordered *in absentia*; that the motion to reopen was untimely because it was filed more than 90 days after the order of removal became final; and that Pineda-Herrera failed to show that he exercised the necessary due diligence for equitable tolling of the deadline for filing the motion.  *See* 8 U.S.C. § 1229a(c)(7)(C)(i); *Lugo-Resendez*, 831 F.3d at 343–44. Those issues are therefore abandoned.  *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

Pineda-Herrera's sole argument is that, based on *Matter of Barrientos-Vivas*, 2015 WL 4873228 (BIA June 25, 2015), the BIA should have granted his

No. 16-60460

motion to reopen. *Barrientos-Vivas* does not provide, however, that a desire to apply for a provisional waiver is an exception to the requirement of timely filing a motion to reopen; in fact, *Barrientos-Vivas* explicitly noted that the motion to reopen there was timely. *See id. at* *1; *see also* § 1229a(c)(7)(C). Accordingly, Pineda-Herrera has failed to show that the BIA abused its discretion in denying the motion to reopen, *see Lugo-Resendez*, 831 F.3d at 340, and the petition for review is DENIED.